filed in open Court 3/14/18 aπL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Criminal Action No. 17-62-LPS |
| | ) | |
| CANDY MILLER, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, David C. Weiss, United States Attorney for the District of Delaware, and Edmond Falgowski, Assistant United States Attorney for the District of Delaware, and the defendant, Candy Miller, by and through her attorney, Stephen R. LaCheen, Esquire, the following agreement is hereby entered into knowingly, voluntarily and intelligently by the respective parties:

1. The defendant shall enter a guilty plea to Count 3 of the Superseding Indictment, charging the defendant with filing a false return, in violation of 26 U.S.C. § 7206(1), punishable by a maximum penalty of three years incarceration; a $250,000 fine; one year supervised release; restitution for back taxes; the costs of prosecution, which the parties stipulate to be zero; and a $100 special assessment. At sentencing, the government will move to dismiss Counts 1 and 2 of the Superseding Indictment and the original Indictment, returned August 22, 2017.

2. The defendant acknowledges that the elements of filing a false return are as follows:

   (a) the defendant caused to be made and signed a federal tax return;

   (b) the tax return was false as to a material matter;

   (c) the defendant acted willfully, that is, in voluntary and intentional violation of a known legal duty; and

   (d) the return contained a written declaration that it was made under penalty of perjury.

3. The defendant stipulates that for the years 2010 through 2012 she underreported her taxable income, causing tax losses, as follows:

| Tax Year | Under-Reported Taxable Income | Tax Due And Owing |
|---|---|---|
| 2010 | $142,885 | $ 42,203 |
| 2011 | $425,249 | $131,799 |
| 2012 | $506,000 | $163,428 |
| | Total | $337,430 |

The defendant further stipulates, pursuant to U.S.S.G. §1B1.2(c), that this relevant conduct is attributable to her for purposes of sentencing.

4. The defendant agrees to file, not less than one month before sentencing, proper tax returns for the years 2010, 2011 and 2012. The defendant further agrees to provide the United States Attorney's Office and the United States Probation Office with copies of those returns, to cooperate with any civil tax audit, and to pay back taxes and any interest and penalties that are properly assessed.

5. The parties stipulate that $337,430 constitutes the tax loss for purposes of calculating the Guidelines and that pursuant to §2T1.1(a)(1) and the Tax Table, at §2T4.1(g), the Base Offense Level is 18. Further, the parties stipulate there are no Specific Offense Characteristic or Chapter Three adjustments or enhancements.

6. Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees that in consideration of the defendant's timely guilty plea, a two offense level reduction under U.S.S.G. § 3E1.1(a) for the defendant's affirmative acceptance of responsibility. If the defendant's offense level is 16 or greater, the United States will recommend an additional one point reduction under U.S.S.G. § 3E1.1(b).

7. The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a) in determining an appropriate

sentence. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the Sentencing Guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the Sentencing Guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of her attorney or the United States, the defendant will not be allowed to withdraw her guilty plea on that basis.

8. The defendant agrees to pay the $100 special assessment on the day of sentencing.

9. The defendant understands that if the Court orders her to pay restitution to the IRS for the failure to pay tax, either directly as part of her sentence or as a condition of supervised release, the IRS will use the restitution order as the basis for a civil assessment. *See* 26 U.S.C. § 6201(a)(4). The defendant does not have the right to challenge the amount of this assessment. *See* 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor the defendant's timely payment of restitution according to that schedule will preclude the IRS from administrative collection of the restitution-based assessment, including levy and distraint under 26 U.S.C. § 6331.

10. If the defendant is incarcerated as part of her sentence, and if the defendant has unpaid special assessment, fine, or restitution obligations when the defendant begins her period of incarceration, the defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt owed.

11. In order to facilitate the collection of financial obligations, including restitution, to be imposed in connection with this prosecution:

a) The defendant agrees to fully disclose all assets in which she has any interest or over which she exercises control, directly or indirectly, including those assets held by a spouse, nominee, or other third party. No later than two (2) weeks subsequent to the defendant's presentence interview with the United States Probation Department ("USPO"), the defendant will submit a completed sworn

3

financial statement ("Financial Statement") to the USPO, in the form the USPO provides and as it directs. The defendant will also provide to the USPO any supporting documentation in the defendant's possession, custody, or control (including banking and brokerage records) for the disclosures set forth in the Financial Statement, as directed by the USPO. The Financial Statement, disclosures, and supporting documentation will be complete and truthful.

b) Upon receipt of the Financial Statement, the USPO shall disclose the Financial Statement and supporting documentation to counsel for the government and/or provide to the government any additional supporting documentation beyond that provided to the USPO in the defendant's possession, custody, or control (including banking and brokerage records) for the disclosures set forth in the Financial Statement, as directed by the government, and/or to supplement the Financial Statement if the government deems it incomplete. The defendant agrees that, at the discretion of the government, the defendant will participate in a deposition in aid of collection of restitution, which may occur any time between the entry of the guilty plea and entry of judgment.

c) Should the defendant fail to provide complete, accurate, timely and truthful financial information as set forth above, the government, in its sole discretion, may deem such conduct inconsistent with the acceptance of responsibility and may do any or all of the following: (i) oppose any reduction in the defendant's Offense Level, pursuant to Sentencing Guideline Section 3E1.1(a); (ii) seek an enhancement of the defendant's sentence for obstruction of justice under Sentencing Guideline Section 3C1.1; (iii) file a motion for upward variance from the otherwise applicable Sentencing Guideline range; (iv) seek an order compelling production of the financial information; and/or (v) void this Plea Agreement in its entirety.

12. The defendant knows that she has, and voluntarily and expressly waives, the right to file any appeal, any collateral attack, or any other writ or motion after sentencing – including, but not limited to, an appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, or a motion under 28 U.S.C. § 2255 – except that the defendant reserves her right to appeal only if (1) the Government appeals from the

sentence, (2) the defendant's sentence exceeds the statutory maximum for the offense set forth in the United States Code, or (3) the defendant claims her sentence unreasonably exceeds the Sentencing Guidelines range determined by the District Court in applying the United States Sentencing Guidelines.

13. This memorandum expressly incorporates Exhibit A, which is attached hereto and filed under seal. The government routinely files such an exhibit, even though it may or may not contain additional terms. To the extent, however, that Exhibit A contains additional terms, the parties acknowledge and agree to be bound by those terms.

14. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

_____
Stephen R. LaCheen, Esquire
Attorney for Defendant

DAVID C. WEISS
~~Acting~~ United States Attorney

By: _____
Edmond Falgowski
Assistant United States Attorney

_____
Candy Miller
Defendant

Dated: 2/27/18

AND NOW, this 14th day of March, 2017, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
Honorable Leonard P. Stark
Chief Judge, United States District Court